**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **MICHAEL JACKSON,** § | |
| **Individually and on** § | |
| **Behalf of All Those Similarly Situated,** § | |
| Plaintiff, § | CIVIL ACTION NO. 2:20-cv-486 |
| § | |
| V. § | COLLECTIVE ACTION FILED UNDER |
| § | 29 U.S.C. 216(b) |
| § | |
| § | CLASS ACTION FILED UNDER |
| § | FRCP 23 |
| **POWERSAT COMMUNICATIONS** § | JURY DEMANDED |
| **(USA) LP AND POWERSAT** § | |
| **COMMUNICATIONS (USA) GP LTD** § | |
| Defendants. § | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.  Michael Jackson ("Jackson" or "Plaintiff") brings this collective action lawsuit against Powersat Communications (USA) LP and Powersat Communications (USA) GP Ltd. (Collectively "Powersat" or "Defendants") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.,* ("NMMWA"). Jackson and those similarly situated to him were employed by Defendant as Field Technicians, received a salary, and worked in excess of forty (40) hours a week without receiving any overtime compensation. As shown below, Defendants failed to compensate these workers in accordance with the FLSA and NMMWA because they were not paid overtime for all hours worked in excess of forty (40) in a single workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers under the FLSA and NMMWA.

**JURISDICTION AND VENUE**

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). This Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the Class Action Fairness act, 28 U.S.C. (d). The Court also has supplemental jurisdiction over the various state sub-classes, if any, pursuant to 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391 because Plaintiff Jackson and other Putative Class Members perform work related tasks for Defendant in this district.

## THE PARTIES

4.      Jackson worked for Defendants as a Field Technician during the relevant statutory time period in both New Mexico and Texas. Throughout his employment with Defendants, Jackson was paid a salary plus a day-rate with no overtime compensation even though he regularly worked in excess of forty (40) hours in a week. Jackson's written consent is attached as Exhibit A.

5.      Jackson brings this action on behalf of himself and all other similarly situated Field Technicians who were paid a salary and/or a day-rate without receiving overtime compensation for hours worked in excess of forty (40) in a workweek. The Putative Class Members are defined as:

> **All Field Technicians employed by Powersat Communications (USA) during the past three (3) years who received a salary and/or a day-rate and no overtime compensation.**

The members of the Putative Class are easily ascertainable from Defendants' business records, particularly its personnel records.

6.      The Putative Class Members who worked in New Mexico within the past three (3) years are subject to the Rule 23 allegations made in this case.

7.      Powersat Communications (USA) LP is an oilfield services company doing business throughout the United States, including in New Mexico and Texas. It may be served through its registered agent: Paracorp Incorporated, 1012 Marquez Place, Suite 1068, Santa Fe, NM 87505.

8. Defendant Powersat Communications (USA) GP Ltd is a Canadian company doing business in Texas and New Mexico. It may be served through its registered agent: Jack Tinney, 1006 Prentiss, Belton, Texas 76513.

## COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Jackson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

13. Defendant Powersat Communications (USA) LP is wholly owned by Defendant Powersat Communications (USA) GP Ltd., and is controlled entirely by Powersat Communications (USA) GP Ltd. The actions of Powersat Communications (USA) LP with regard to the name in which Plaintiff was paid were directed or ratified by Powersat Communications (USA) GP Ltd. Powersat Communications (USA) GP Ltd. is thus a joint employer of the Plaintiff and are responsible for the unpaid compensation owed to Plaintiff and the putative class members.

## FACTS

14. Defendants are oilfield services companies providing communications services to wells throughout the United States, including in New Mexico.

15. Jackson and others similarly situated to him worked for Defendants as Field Technicians.

16. Field Technicians' primary job duties are technical and manual in nature and include cement pumping operation advice on drilling locations.

17. The job duties performed by Jackson and the Putative Class Members were technical and manual labor in nature, routine, and largely governed by standardized plans, procedures, specifications, and checklists created by Powersat Communications and/or its clients.

18. Virtually every job function was pre-determined by Defendants and its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

19. Defendants prohibited Jackson and the Putative Class Members from varying their job duties outside of the pre-determined parameters.

20. Field Technicians are blue collar workers. They rely on their hands, physical skills, and energy, to perform their work in the oilfield. No advanced degree is required to become a Field Technician.

21. Field Technicians do not supervise any of Defendants' employees and cannot hire or fire any field personnel.

22. Field Technicians work long hours. Indeed, Field Technicians regularly work more than twelve (12) hours in a day, and more than eighty (80) hours in a week.

23. But Defendants did not pay its Field Technicians overtime for hours worked in excess of forty (40) hours in a workweek.

24. Instead, Defendants paid its Field Technicians a base salary and a day-rate, regardless of the number of hours that they worked that day (or in that workweek), and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

25. Jackson and the Putative Class Members worked similar hours and were denied overtime as a result of the same illegal pay practice.

26. Jackson and the Putative Class Members were also subjected to the same illegal pay practice for similar work and all were denied overtime pay as required by federal and New Mexico law.

27. To the extent Jackson and the Putative Class Members' job duties varied, these differences do not matter for the purposes of determining their right to overtime pay.

28. Jackson and the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

29. As the controlling law makes clear, Defendants' Field Technicians are non-exempt under the FLSA (and the NMMWA). Therefore, Defendants owe back overtime wages to the Putative Class Members.

## FLSA AND NMMWA VIOLATIONS

30. As set forth herein, Defendants violated the FLSA and NMMWA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

31. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

32. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages

under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b); NMSA § 50-4-26.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

33. As described above, Plaintiff and all Putative Class Members have been victimized by Defendants' pattern, practice, and/or policy, which is in willful violation of the FLSA and NMMWA.

34. Many Putative Class Members worked alongside Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and NMMWA.

35. Many Putative Class Members, regardless of the division in which they worked, performed similar job duties to Plaintiff.

36. Thus, Defendants imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

37. Plaintiff and all Putative Class Members received a salary and/or day-rate, regularly worked in excess of forty (40) hours per week and were not paid overtime compensation.

38. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

39. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

40. Plaintiff's experience is typical of the experiences of all Putative Class Members.

41. Plaintiff has no interest contrary to, or in conflict with, the members of the FLSA and NMMWA Putative Class Members. Like each member of the proposed Putative Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

42. A class and collective action, such as the instant one, is superior to other available

means for fair and efficient adjudication of the lawsuit.

43. Absent this action, many FLSA and NMMWA Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and NMMWA.

44. Furthermore, even if some of the FLSA and NMMWA Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

45. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

46. The questions of law and fact common to each of the FLSA and NMMWA Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendants employed the FLSA and NMMWA Putative Class Members within the meaning of the FLSA and NMMWA;

   b. Whether the FLSA and NMMWA Class Members were exempt from overtime;

   c. Whether Defendants' decision to not pay overtime to the FLSA Class Members was made in good faith; and

   d. Whether Defendants' violation of the FLSA was willful.

47. Plaintiff's claims are typical of the FLSA and NMMWA Putative Class Members claims. Plaintiff and the FLSA and NMMWA Putative Class Members have sustained damages arising out of Defendants' illegal and uniform employment policy.

48. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

49. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or

collective action treatment.

## JURY DEMAND

50. Jackson demands a trial by jury.

## RELIEF SOUGHT

51. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For an Order certifying class action(s) under Rule 23 for the purposes of the claims under New Mexico law;

b. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

c. For an Order finding Defendants liable for violations of state and federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

d. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

e. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

f. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

g. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
(application for admission pending)
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

**ANDERSON ALEXANDER, PLLC**
By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**John D. Garcia**
Texas Bar No. 24096174
john@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279

Attorneys for Plaintiff and the Putative Class Members