IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACKSON and
WESLEY AVILA, Individually and
on Behalf of all Those Similarly Situated,

     Plaintiffs,

v.                                           2:20-cv-486 KRS/GJF

POWERSAT COMMUNICATIONS
(USA) LP and POWERSAT
COMMUNICATIONS (USA) GP LTD.

     Defendants.

### ORDER GRANTING IN PART PLAINTIFFS' RULE 56(d) MOTION

THIS MATTER is before the Court on Plaintiffs' Rule 56(d) Motion for Discovery,
(Doc. 17), filed on July 24, 2020, in response to Defendants' Motion for Summary Judgment,
(Doc. 13).  On August 5, 2020, Defendants filed a combined reply to their summary judgment
motion and response in opposition to Plaintiffs' Rule 56(d) Motion for Discovery.  (Doc. 21).
Thereafter, on August 19, 2020, Plaintiffs filed a reply to their Rule 56(d) Motion for Discovery.
(Doc. 26).  On October 20, 2020, the Court held a telephonic hearing on Plaintiff's Rule 56(d)
Motion for Discovery, at which counsel for both parties appeared.  (Doc. 38) (Clerk's Minutes).
Having considered the parties' briefing, counsel's statements at the hearing, the record of the
case, and relevant law, the Court GRANTS IN PART Plaintiffs' Rule 56(d) Motion for
Discovery as set forth below.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants provide remote communications services to oil and gas customers throughout
the United States, including in New Mexico.  (Doc. 35-1) at 5; (Doc. 13) at 2.  Plaintiff Jackson
worked for Defendants as a Field Service Technician, based out of Midland, Texas, from

September 16, 2019 through March 11, 2020.  (Doc. 13) at 2.  On May 20, 2020, Plaintiff

Jackson asserted claims against Defendants on behalf of himself and others for unpaid overtime

wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New

Mexico Minimum Wage Act, NMSA 1978 §§ 50-4-19, *et seq.*, ("NMMWA").  (Doc. 1) at 1.  On

September 28, 2020, Plaintiffs filed a First Amended Complaint adding Wesley Avila as a

second named Plaintiff.  (Doc. 35-1).  Plaintiff Avila states that he worked as a Field Technician

during the relevant statutory time period in both New Mexico and Texas.  *Id.* at 3.  Plaintiffs

allege they and other Field Technicians were non-exempt employees who regularly worked over

forty hours per week without overtime compensation, in violation of the FLSA and NMMWA.

*Id.* at 3-8.

On July 9, 2020, Plaintiffs filed a Motion for Conditional Certification and Notice to the

Putative Class Members.  (Doc. 12).  Plaintiffs seek conditional certification of the following

class pursuant to Section 216(b) of the FLSA:

> All Field Technicians employed by [Defendants], anywhere in the
> United States, at any time from May 20, 2017 through the final
> disposition of this matter who received a salary and/or a day-rate
> and no overtime compensation.

*Id.* at 2.  Defendants oppose conditional certification because: (1) Plaintiffs fail to sufficiently

allege the policy or practice that violates the FLSA; (2) Plaintiff Jackson does not have standing

to pursue a collective action under the FLSA because he did not work more than forty hours in a

workweek for Defendants; and (3) conditional certification would be inefficient because

Plaintiffs assert a small class of only twenty-five to thirty Field Technicians and each claim

would require an individualized analysis.  (Doc. 16) at 2; 4-18.  Defendants also object to

portions of Plaintiffs' proposed class notice and argue Plaintiffs' proposed class definition is too

broad and should be limited to Field Technicians who worked more than forty hours during a workweek. *Id.* at 18-21.

On July 10, 2020, Defendants moved for summary judgment on Plaintiffs' claims on the basis that Plaintiff Jackson did not work for Defendants in excess of forty hours in a workweek. (Doc. 13). Defendants argue Plaintiff Jackson's job tickets demonstrate he was not on site for more than forty hours during any workweek. *Id.* at 2-3; (Doc. 13-1). Defendants further state that in twenty-one of Plaintiff Jackson's twenty-six workweeks, even the total hours between his arrival and departure (which includes non-compensable, personal time) do not exceed forty hours. *Id.* at 2-3; (Doc. 13-1). Defendants contend this evidence entitles them to summary judgment on Plaintiffs' FLSA and NMMWA claims. (Doc. 13) at 7. In addition, Defendants move for summary judgment on Plaintiffs' NMMWA claims because Plaintiff Jackson did not work in New Mexico. *Id.*

Plaintiffs respond that it is premature for the Court to enter summary judgment at this stage of the case because the parties have not had an opportunity to engage in merits-based discovery. (Doc. 17) at 2-4. Accordingly, Plaintiffs ask the Court to defer ruling on Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) and allow Plaintiffs to conduct discovery pertaining to the number of hours worked by Plaintiff Jackson and the opt-in plaintiffs. *Id.* at 4; *see* (Doc. 17-1) (affidavit of Plaintiffs' counsel stating Plaintiffs require time records, GPS records, e-mails/text messages, and other documents regarding Plaintiffs' work activities). Defendants, however, ask the Court to deny Plaintiffs' Rule 56(d) Motion because they have produced the entirety of Plaintiff Jackson's time records and Plaintiffs fail to specifically controvert any of Defendants' material facts. (Doc. 21) at 3-6. Defendants also assert Plaintiffs did not identify the probable facts they expect to obtain in discovery, and they oppose Plaintiff's

request for discovery pertaining to any opt-in plaintiffs since no class has been certified.  *Id.* at 8-12.

## II.     <u>LEGAL STANDARD</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  However, a court must deny summary judgment if a reasonable jury could find for the non-movants.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When applying this standard, the court must construe the evidence in the light most favorable to the non-moving parties.  *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).  Moreover, the movant bears the initial burden to "show that there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."  *Applied Genetics Int'l., Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," in its discretion, defer considering the motion, deny the motion, allow time to take discovery, or issue any other appropriate order.  Fed. R. Civ. P. 56(d).  "The general principal of Rule 56(d) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"  *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson*, 477 U.S. at 250 n.5).

To properly invoke the Court's discretion, the movant must submit an affidavit "(1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). Additionally, the information sought cannot be irrelevant or cumulative, and the declarant cannot have acted dilatorily in obtaining the information. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). Though a Rule 56(d) declaration "should be liberally treated," *id.*, it "is not a license for a fishing expedition," *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

## III.   ANALYSIS

First, Plaintiffs ask the Court to defer ruling on Defendants' summary judgment motion until after it rules on Plaintiffs' Motion for Conditional Certification of the putative class.  (Doc. 17) at 3.  Under the FLSA, 29 U.S.C. § 216(b), an employee may bring a collective action on behalf of "similarly situated" employees in order to "give plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources and to benefit the judicial system by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (citations and internal quotation marks omitted).  The majority of courts apply a two-step approach in examining the provisional certification of opt-in collective actions under the FLSA.  *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

Plaintiffs are correct that at the first step, or notice stage, of determining whether putative class members are similarly situated, the burden is "fairly lenient" and usually made before

discovery on the merits. *Id.* at 1103. Nevertheless, provisional certification is not automatic, and Plaintiffs must "provide substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102-03. Here, Defendants have raised the issue of whether Plaintiff Jackson worked more than forty hours in a workweek and argue he does not have standing to proceed in this case as a named plaintiff. Accordingly, the Court declines to rule on Plaintiffs' Motion for Conditional Certification before resolving this issue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."); *Armijo v. FedEx Ground Package Sys., Inc.*, 405 F.Supp.3d 1267, 1285-86 (D.N.M. 2019) (resolving defendant's motion for summary judgment regarding named plaintiff's standing before considering motion for class certification).

Next, the Court considers Defendants' contention that they have already disclosed all of Plaintiff Jackson's time records. (Doc. 21) at 1-2. The records disclosed by Defendants include at least five weeks in which the total hours between Plaintiff Jackson's arrival at the first job and his departure from the last job exceeded forty hours. *See* (Doc. 13) at 2; (Doc. 13-1) at 2-6. Defendants assert that calculations from those five weeks contain large breaks during Plaintiff Jackson's day "when he was completely relieved from duty and could use the time for his own purposes." (Doc. 13) at 6. However, Plaintiffs dispute that Plaintiff Jackson was relieved from duty during these time periods. (Doc. 17) at 6-7. In addition, Plaintiffs argue that under Department of Labor regulations explaining the Portal-to-Portal Act, "the workday begins with the first principal activity and ends with the last" (29 C.F.R. § 790.6 (1947)), and note that under the continuous-workday rule, "once the workday starts, all activity is ordinarily compensable until the workday ends" (*Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1243 (10th Cir. 2016)

(brackets omitted)).  Plaintiffs also state they have not yet had an opportunity to conduct discovery on their claims.  (Doc. 17) at 7; (Doc. 38).

The Court finds Plaintiffs have made a sufficient showing under Rule 56(d) for discovery to rebut Defendants' assertion that Plaintiffs did not work more than forty hours in a workweek. In accordance with Rule 56(d), Plaintiffs submitted an affidavit identifying five categories of information sought to rebut Defendants' motion: (1) time records; (2) GPS records; (3) emails/text messages from employees, agents or representatives of Defendants; (4) all documents signed by Plaintiffs on behalf of Defendants; and (5) all communications between Defendants and their customers regarding Plaintiffs' work activities.  (Doc. 17-1) at 1-2.  While Defendants assert that Plaintiffs failed to identify probable facts they expect to obtain from this discovery, Plaintiffs explain they are seeking to discover facts showing Plaintiffs worked more hours than what is reflected in the time records provided by Defendants.  Specifically, Plaintiffs seek information regarding Plaintiffs' travel time, time waiting on jobs, and job tickets, which is relevant to the issue of whether Plaintiffs were relieved from duty during the workweeks they exceeded forty hours.

Defendants' reliance on *Torres v. Murillo*, No. 17-cv-765 KRS/GBW, does not require a different outcome.  *See* (Doc. 38).  In *Torres*, the Court denied the plaintiff's motions for Rule 56(d) discovery because he broadly asked for discovery relating to all factual issues raised in the summary judgment motions, did not state what steps he took to obtain the information, did not provide any nexus between the discovery and how it was relevant to rebut summary judgment, and asked for information that should have been in his possession.  *See* (Doc. 71) at 7-8 and (Doc. 75) at 21-22, filed in No. 17-cv-765.  The Court finds Plaintiffs here have adequately explained what facts they seek to rebut Defendants' assertions, and Plaintiffs' requests are even

more reasonable because Defendants filed their Motion for Summary Judgment before discovery began in the case.

Defendants also oppose Plaintiffs' Rule 56(d) Motion for discovery relating to any opt-in plaintiffs because no class or collective action has been certified.  (Doc. 21) at 13-14.  The Court agrees that discovery regarding putative class members is irrelevant to the issue raised in Defendants' Motion for Summary Judgment challenging Plaintiff Jackson's standing. Accordingly, the Court will limit Plaintiffs to discovery relating only to Plaintiff Jackson's records.  In addition, since Defendants intend to challenge named Plaintiff Avila's standing on the same basis as their challenge to Plaintiff Jackson, the Court will allow Plaintiffs identical discovery as to Plaintiff Avila.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, the Court will exercise its discretion under Rule 56(d) to allow Plaintiffs to obtain discovery necessary to rebut Defendants' Motion for Summary Judgment.  The Court will allow **written discovery** and **one Rule 30(b)(6) deposition** regarding only named Plaintiffs Jackson and Avila and the five categories of documents at (Doc. 17-1) at 1-2, ¶ 8(a)-(e).  In addition, the Court finds that Plaintiffs' Motion for Conditional Certification is prematurely filed because it relies on allegations pertaining only to Plaintiff Jackson's work activities while Plaintiffs have since filed an Amended Complaint naming Plaintiff Avila as an additional named Plaintiff.  (Doc. 35-1).  Therefore, the Court will deny Plaintiffs' Motion for Conditional Certification without prejudice and allow Plaintiffs to refile after the issue of the named Plaintiffs' standing is resolved.

**IT IS THEREFORE ORDERED** that Plaintiffs' Rule 56(d) Motion for Discovery, (Doc. 17), is **GRANTED IN PART** as follows:

1. **No later than Friday, October 30, 2020**, Plaintiffs shall serve written discovery requests on Defendants limited to named Plaintiffs Jackson and Avila and the five categories of documents at (Doc. 17-1) at 1-2, ¶ 8(a)-(e);

2. The parties shall work together to schedule one Rule 30(b)(6) deposition of Defendants' corporate representative to take place **no later than December 2, 2020**;

3. Defendants may file a motion for summary judgment regarding Plaintiff Avila **no later than December 14, 2020**;

4. **No later than December 28, 2020**, Plaintiffs shall file responses to Defendants' Motion for Summary Judgment, (Doc. 13), and any motion for summary judgment regarding Plaintiff Avila.  Defendants' replies, if any, are due within 14 days after the responses are filed.

 **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Conditional Certification, (Doc. 12), is **DENIED WITHOUT PREJUDICE** with leave to refile after Defendants' Motion for Summary Judgment, (Doc. 13), is decided.

 **IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE