## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACKSON and
WESLEY AVILA, Individually and on
Behalf of all Those Similarly Situated,

  Plaintiffs,

v.             No. 2:20-cv-486 KRS/GJF

POWERSAT COMMUNICATIONS
(USA) LP and POWERSAT
COMMUNICATIONS (USA) GP LTD,

  Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED
### AMENDED MOTION FOR CONDITIONAL CERTIFICATION
### AND NOTICE TO THE PUTATIVE CLASS MEMBERS

  Defendants Powersat Communications (USA) LP and Powersat Communications (USA) GP Ltd. (collectively "Powersat"), by and through their counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Alex C. Walker, Nathan T. Neiman and Tomas J. Garcia), respectfully submit this response to Plaintiff's Opposed Amended Motion for Conditional Certification and Notice to the Putative Class Members ("Amended Motion") [Doc. 52]. Plaintiffs' Amended Motion should be denied because they have failed to provide information and evidence necessary under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) to warrant conditional certification.

### INTRODUCTION

  Plaintiffs seek to pursue a collective action under the FLSA, 29 U.S.C. § 216(b) involving all Powersat Field Service Technicians, working from May 20, 2017 to present, regardless who their supervisor was, where they happened to work, or whether they ever worked more than forty (40) hours during a Powersat workweek. *See* Amended Motion [Doc. 52] at pp. 2 (proposed class definition) & 3 fn 3 (identifying yards in four different states). In doing so,

Plaintiffs propose to form a class that encompasses all of Powersat's Field Service Technicians, regardless of whether or not they are similarly situated and – more importantly – regardless of whether they actually have a claim for overtime under the FLSA.

As detailed below, Plaintiffs' Amended Motion fails for multiple reasons. First, Plaintiffs have failed to provide substantial allegations concerning the nature of the alleged policy or practice that purportedly violates the FLSA. The simple claim that Powersat failed to pay overtime is legally insufficient to justify conditional certification. Second, Plaintiffs have no viable FLSA claim for workweeks in which they cannot show they worked more than forty (40) hours, as set forth fully in the Court's Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment [Doc. 51], p. 10. Even for workweeks in which Plaintiffs might be able to show they worked more than forty (40) hours and were not paid overtime wages (which is disputed), evidence that Powersat failed to pay overtime to Plaintiffs – if it existed – is not indicative of a policy that applied with equal force to all other members of the proposed class, which is the evidentiary showing Plaintiffs needed to make for conditional certification. Finally, given the nature of Plaintiffs' overtime claim and the individualized nature of the analysis the Court would have to undertake to determine whether any opt-in Plaintiff was owed overtime, conditional certification of an admittedly small class (Plaintiffs assert 25-30 Field Technicians at any given time) would not serve the stated purpose of conditional certification: judicial efficiency in resolving via a single court proceeding common issues of law and fact.

## STANDARD

The FLSA provides that "an action to recover [unpaid overtime pay] may be maintained against any employer ... by any one or more employees for and in behalf of himself or

themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, unlike the typical class action contemplated by Fed.R.Civ.P. 23, an action under this statute is distinct, in that "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

In *Thiessen v. General Electric Capital Corp.*, the 10th Circuit – noting that the FLSA does not define the term "similarly situated" – considered how courts should attempt to determine whether other employees are "similarly situated" to a named FLSA plaintiff. 267 F.3d 1095, 1102–05 (10th Cir. 2001). After discussing a variety of approaches that other courts have taken to the question, *Thiessen* observed that the trial court's adoption of the "*ad hoc*" approach was not an abuse of discretion. *Id.* at 1105. Under the *ad hoc* approach, Plaintiff bears the burden of making a factual showing that the named Plaintiff(s) and the potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997)); *Maestas v. Day & Zimmerman, LLC*, 2009 WL 10706238, at *2 (D.N.M. Nov. 13, 2009) ("the Court cannot authorize class notice without some evidence of the unifying fact at the heart of their complaint–that they are unlawfully being denied pay to which they are entitled through a common decision, policy, or plan that applies to each member of the putative class"); *Maestas v. Day & Zimmerman, LLC*, 2010 WL 11601189, at *2 (D.N.M. Jan. 4, 2010) (noting that *Thiessen* speaks in terms of "victims" of a single decision, policy, or plan, such that "granting conditional certification based solely on commonly applied lawful practices would make no logical sense").

## DISCUSSION

I.   **PLAINTIFFS HAVE NOT IDENTIFIED A COMMON UNLAWFUL DECISION, POLICY, OR PLAN; THE SIMPLE ASSERTION THAT POWERSAT FAILED TO PAY THEM OVERTIME IS INSUFFICIENT FOR FLSA CONDITIONAL CERTIFICATION.**

In order to obtain conditional class certification under Section 216(b), Plaintiffs must show that each member of the class has been unlawfully denied overtime pay to which they are entitled through a common decision, policy, or plan of Powersat.  "[W]hile Plaintiff's burden of proof is low, it is not non-existent — 'certification is not automatic.'" *Romero v. H.B. Auto. Group, Inc.*, 2012 U.S. Dist. LEXIS 61151, *27, 2012 WL 1514810, *10 (S.D.N.Y. May 1, 2012); *Eagle v. Freeport-McMoran, Inc.*, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) ("Conditional certification in the notice stage, however, is by no means automatic."); *Brown v. Barnes and Noble, Inc.*, 252 F. Supp. 3d. 255, 261 (2017) ("certification is not automatic"); *Wentworth v. Tacala, LLC*, 2010 WL 11614318, at *4 (N.D. Ala. June 30, 2010) ("the certification process is more than a rubber-stamp procedure").

Accordingly, "the court is under no obligation, as it would be on a motion to dismiss, to accept the plaintiff's allegations as true."  *Howard v. Securitas Sec. Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *5 (N.D. Il.. Jan. 20, 2009).  "'At least some evidence beyond unsupported factual assertions' must be presented." *Eagle v. Freeport-McMoran, Inc.*, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) (quoting *Treme v. HKA Enters., Inc.*, No. 07-1134, 2008 WL 941777, at *3 (W.D. LA. Apr. 7, 2008)).  "A standard requiring no more than mere allegations would render conditional certification not only lenient but virtually automatic." *Silverman v. SmithKline Beecham Corp.*, No. 06-7272, 2007 WL 6344674, at *2 (C.D. Cal. Octo. 15, 2007); *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *2-3 (E.D. Pa. Nov. 13, 2003).  Thus, a plaintiff's burden under § 216(b) "cannot be satisfied simply by unsupported

assertions," *Myers*, 624 F.3d at 555 (internal quotation marks omitted), or with "conclusory allegations." *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 WL 278154, at *3 (Feb. 2, 2006).[1]  Conditional certification must be denied where, as here, the movant fails to meet its burden.  *See*, *e.g*., *Maestas v Day & Zimmerman, LLC*, CIV 09-019 JCH/LFG, 2009 U.S. Dist. LEXIS 131364, *4 (D.N.M. Nov. 13, 2009); *Stubbs v. McDonald's Corp*., 227 F.R.D. 661, 666 (D. Kan. 2004).

While Plaintiffs' Amended Motion certainly recites the "magic language" and *alleges* the existence of a common practice/policy,[2] it does so in conclusory fashion only.  That Plaintiffs do so repeatedly in no way satisfies their obligation to actually identify and establish the common,

---

[1] Indeed, numerous courts have held that unsupported allegations are insufficient to satisfy the *ad hoc* standard utilized in *Thiessen*.  *Stubbs v McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) (plaintiff must provide more than his own speculative allegations to show that conditional certification is warranted); *Tracy v. Dean Witter Reynolds, Inc*., 185 F.R.D. 303, 305 (D. Colo. 1998) (recognizing the same); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 1807 (3d ed. 2005) (citing authorities and explaining that "[c]onclusory allegations are not sufficient. . . .  [C]ourts requir[e] that there be some factual support and affidavits showing that the class members are 'similarly situated'").  Courts in other jurisdictions which apply the *ad hoc* standard have likewise concluded that plaintiffs must provide some evidence to support a motion for conditional certification under the FLSA. *See*, *e.g*., *Santinac v. Worldwide Labor Support of Ill., Inc.*, 2015 U.S. Dist. LEXIS 13261, **5-6 (S.D. Miss. Feb. 4, 2015); *Camper v. Home Quality Mgmt. Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000); *Young v. Cerner Corp*., 503 F. Supp. 2d 1226 (W.D. Mo. 2007).  Absent some evidence that the putative class is similarly situated, the Defendant would be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at [its] expense."  *Prizmic v. Armour, Inc*., 2006 U.S. Dist. LEXIS 42627, *7 (E.D.N.Y. June 12, 2006).

[2] *See*, *e.g*., Amended Motion [Doc. 52], p. 2 ("Plaintiffs and the Putative Class Members … were all subject to the same company-wide policy[.]"); p. 4 ("… these Field Technicians were subject to the same or similar illegal pay practice for similar work in the oilfield."); p. 4 ("(8) were all subject to the same illegal company-wide policy of failing to pay overtime compensation"); p. 7 ("Defendants' failure to pay overtime compensation at the rate required by the FLSA results from a generally applicable, systematic policy and/or practice…."); p. 8 ("Plaintiffs and the Putative Class Members were all subject to Defendants' company-wide policy refusing to pay overtime compensation at the rates required by the FLSA."); p. 9 ("As a result of Defendants' corporate policy and practice . . . Plaintiffs and the putative Class Members were not compensated for all hours worked[.]"); p. 12-13 ("Defendants' uniform and systematic company-wide corporate policy—improperly compensating its non-exempt Field Technicians at a base salary and/or day rate only without any overtime compensation….").

unlawful policy or practice that was alleged applied uniformly to them and the other members of the class they seek to certify.

FLSA cases involving the alleged failure to pay overtime may cover a wide range of alleged unlawful policies or practices.   For example, many cases involve the alleged policy/practice of misclassifying employees as independent contractors to avoid FLSA overtime rules.  *E.g.*, *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 839 (N.D. Cal. 2010).  Other cases involve the alleged policy/practice of misclassifying employees as "exempt" from FLSA overtime requirements. *E.g.*, *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *1 (N.D. Cal. July 19, 2012).  Still other cases assert claims based on the alleged practice of miscalculating overtime pay.   Many cases involve policies regarding pre-shift briefings and/or post-shift work.  *See, e.g., Rodarte v. Bd. of Cnty. Comm'rs*, 2014 U.S. Dist. LEXIS 184650 (D.N.M. Oct. 20, 2014) (pre-shift briefings and post-shift work); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 40 (2005) (donning and doffing, and pre-donning waiting time).

Plaintiffs, however, have yet to identify what type of FLSA claim they are asserting in this case.  Without that, it is impossible to determine whether or not the putative class members are similarly situated.   The closest Plaintiffs ever come is alleging that "Plaintiffs and the Putative Class Members … (8) were all subject to the same illegal company-wide policy of failing to pay overtime compensation …."  *See* Amended Motion, p. 4.  But simply alleging that Powersat failed to pay overtime is insufficient to establish a common policy or plan.  As the Court in *Stephens v. Farmers Rest. Group* explained:

> … the conditional-certification standard turns on whether plaintiffs have demonstrated that a common policy or plan that violated the law may have applied across the putative class. That is, **class members in a collective action must share more than a common allegation that they were denied overtime**….

291 F. Supp. 3d 95, 109 (D.D.C. 2018) (emphasis added) (internal quotations, citations omitted). *See also Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("Putative class members must share more than a common allegation that they were denied overtime or paid below the minimum wage."); *Nguyen v. Versacom, LLC*, 2016 WL 6650860, at *4 (N.D. Tex. Nov. 9, 2016) ("The court disagrees, however, with plaintiffs' position that Versacom engaged in a single uniform practice. A practice must be something more than a mere allegation of illegality.").

Plaintiffs offer no written policies and do not otherwise identify any supposed policies of Powersat affecting overtime compensation. Likewise, Plaintiffs do not identify a practice of Powersat (*i.e.*, misclassifying employees as independent contractors, or misidentifying non-exempt employees as exempt, etc.) that impacts overtime. Absent this most basic of allegations, conditional certification is not appropriate and must be denied. *See*, *e.g*., *Maestas v. Day & Zimmerman, LLC*, Civ. No. 09-019 JCH/LFG, 2009 U.S. Dist. LEXIS 131364, *4 (D.N.M. Nov. 13, 2009) ("The Court cannot certify a class where Plaintiffs' motion fails to provide some evidence of an unlawful policy or an instance in which Plaintiffs were unfairly compensated.").

In *Maestas*, Judge Herrera twice denied the plaintiffs' motion for conditional certification after finding that the plaintiffs had failed to provide the necessary evidence to support the allegation that the putative class members were victims of the same decision, policy or plan – specifically, to treat plaintiffs as "exempt" employees who were not entitled to overtime. 2009 U.S. Dist. LEXIS 131364, at *1. In that case, the plaintiffs submitted eight affidavits showing similarities between the workers – they worked 8-hour shifts, they performed the same primary duties, they were required to wear the same style uniform, and they performed the same basic tasks. However, as Judge Herrera noted, none of those affidavits explained how the employers

had allegedly violated the FLSA by treating those employees as exempt. *Id.* ("What the motion and assorted affidavits do not provide, however, is any evidence of an unlawful pay practice or even any reference to the method in which Plaintiffs are paid.").

In this case, Plaintiffs do less even than the *Maestas* plaintiffs, who at least identified the basic nature of the alleged FLSA violation (misclassifying employees as "exempt" from FLSA's overtime requirements). Plaintiffs offer no policy directed at or requiring Field Service Technicians to work more than 40 hours per workweek, or precluding overtime compensation in the event they did. Plaintiffs offer only the possibility that some Field Service Technician may have worked more than 40 hours per workweek, but no evidentiary basis to discern how many did so, how frequently, or whether they were compensated if they did. There is simply no evidence before the Court that indicates that Plaintiffs or any potential members of the putative class worked more than forty (40) hours in a workweek without receiving overtime pay. This is because Plaintiffs have failed to produce <u>any evidence</u> concerning the putative class.

The factual record pertaining to Plaintiffs' Amended Motion is wholly insufficient to support even an inference that a common policy or plan that violated the law existed with respect to the potential opt-in plaintiffs. As a result, Plaintiffs' request for conditional class certification under Section 216(b) should be denied, just as Judge Vazquez did in *Eagle* and as Judge Herrera did in *Maestas*.

## II.   EVEN IF PLAINTIFFS COULD SHOW THAT POWERSAT OWES THEM UNPAID OVERTIME, THE ALLEGED FAILURE TO PAY OVERTIME TO TWO PLAINTIFFS IS NOT INDICATIVE OF A POLICY THAT APPLIED WITH EQUAL FORCE TO ALL OTHER EMPLOYEES.

"Plaintiffs bear the burden of establishing that they are similarly situated." *Eagle v. Freeport-McMoran, Inc.*, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) (citing *Montoya v. Rescue Indus., Inc.*, No. 98-1269, 1999 WL 240247, at *1 (10th Cir. Apr. 20, 1999)). A failure

to plead "sufficient detail about the length and frequency of … unpaid work to support a reasonable inference that [the plaintiff] worked more than forty hours" in a given workweek is fatal to a claim for overtime pay. *Nakahota v. New York-Presbyterian Healthcare System*, 723 F.3d 192, 201 (2d. Cir. 2013). Tellingly, neither Plaintiffs' First Amended Class and Collective Action Complaint ("Complaint"), their affidavits, nor their Motion for Conditional Certification offer any insight as to the amounts of or basis for overtime they are claiming this case. "Unsupported or conclusory allegations are insufficient to show that Plaintiff and putative class members are similarly situated at the notice stage." *Eagle v. Freeport-McMoran, Inc.*, 2016 WL 7494278, at *4 (D.N.M. Aug. 3, 2016).

Plaintiffs' affidavits, the only "evidence" offered as support for their request for conditional certification, both broadly allege: "If I worked more than forty hours in a week, I was not paid any additional compensation and was never paid any overtime compensation." Affidavit of Michael Jackson ("Jackson Affidavit") [Doc. 52-1], ¶ 5; Affidavit of Wesley Avila ("Avila Affidavit") [Doc. 52-2], ¶ 5. Plaintiffs repeat this allegation later in their affidavits: "I almost always worked more than forty hours per week … Powersat's other Field Technicians also worked long hours and frequently work more than forty hours per week." Jackson Affidavit [Doc. 52-1], ¶ 6; Avila Affidavit [Doc. 52-2], ¶ 6.

These allegations are thin, at best. Plaintiff's statement that other Field Technicians were denied overtime pay based on "conversations" with other employees "essentially attempts to convert the hearsay statements of these unidentified employees into substantive evidence" that Powersat's pay policies are as Plaintiffs describe. *Saarela v. Union Colony Protective Services, Inc.*, 2014 WL 3408771, at *3 (D. Colo. July 14, 2014). The Court should afford no weight to these allegations. And while Plaintiffs do identify a third employee by name, they have not

tendered an affidavit from him "nor any other employee of [the employer] attesting to their own knowledge of [the employer's] pay policies. Accordingly, the Court gives no weight to [Plaintiffs'] hearsay assertions about statements made to [them] by other employees." *Id.; see also Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide any detail as to a single such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b).") (footnote omitted). In sum, Plaintiffs offer no time records showing that they worked more than forty (40) hours during any workweek, no paystubs showing uncompensated overtime, and no affidavits from any other  Field Technician indicating that they are similarly situated or have viable FLSA claims.

Moreover, this Court cannot infer that Powersat had a *de facto* policy of refusing to pay overtime to Field Service Technicians based on the general assertions in Plaintiffs' affidavits. The *Flores v. Lifeway Foods, Inc.* case aptly illustrates Plaintiffs' evidentiary problem.  In that case, the plaintiff sought conditional certification and submitted two unrebutted affidavits from employees who claimed that they had worked overtime hours for which they had not been compensated.  289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003).  The Court, however, found that "a demonstration of [the Defendant's] payment practice concerning two out of fifty employees (four percent of Defendant's workforce) does not rise to the level of a common policy or plan by [Defendant] that violated the FLSA." *Id.*

10

Plaintiffs' showing here is just as unconvincing.  They have not provided any evidence – just unsupported conclusory statements – that they ever worked in excess of forty (40) hours during any workweek.  And they have not provided any evidence of Powersat failing to compensate any other Field Service Technician, if any, who worked in excess of forty (40) hours during any workweek.  That Plaintiffs and others may have shared similar titles and job duties does not warrant certification.  *Costello v. Kohl's Illinois, Inc.*, 2014 WL 4377931, at *4 (S.D.N.Y. Sept. 4, 2014) ("[I]f a uniform job description by itself was sufficient, every business in corporate America would be subject to automatic certification of a nationwide collective action on the basis of the personal experiences of a single misclassified employee.").

As in *Flores*, Plaintiffs' affidavits concerning just two out of an estimated 25+ employees[3] does not rise to the level of establishing a common policy or plan by Powersat that violated the FLSA.  This dooms Plaintiff's attempt to conditionally certify.  "The notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional certification is appropriate. More is required under the law, even at the first stage of the conditional certification process."  *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014).

## III.   CONDITIONAL CERTIFICATION WOULD NOT SERVE PURPOSES OF JUDICIAL EFFICIENCY

"[A]part from being mandated by Congress, '[t]he judicial system benefits [from] efficient resolution in one proceeding of common issues of law and fact arising from the same alleged ... activity.'" *Eagle v. Freeport-McMoran, Inc.*, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).  "The decision whether to certify a collective action must reflect the purposes of the FLSA." *Id.* (citing

---

[3] Plaintiffs' affidavits assert 25-30 Field Service Technicians were employed at any given time. *See* Jackson Affidavit [Doc. 52-1], ¶ 3; Avila Affidavit [Doc. 52-2], ¶ 2.

*Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 627 (D. Colo. 2002) (noting that a district court "must also consider whether certification would serve the purposes and putative benefits of a collective action under § 216(b)")).   A court should certify and send notice only "in appropriate cases" where the plaintiff has satisfied *his burden* – as described above – **and** where the judicial system would "benefit[] by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-LaRoche*, 493 U.S. at 169-70.

Not only have Plaintiffs not satisfied their burden, but there can be little doubt that the District of New Mexico would not benefit by conditionally certifying this case as a collective action under the FLSA.  First, while omitting standard residency allegations from his Complaint, Plaintiffs were at the time they worked for Powersat (and, upon information and belief, still are) Texas residents.  Plaintiffs were both based out of Midland, Texas.[4]  The overwhelming bulk of Plaintiffs' jobs for Powersat customers were in Texas.[5]  Powersat, itself, is headquartered in Round Rock, Texas.  Neither Powersat's President nor its HR staff is based in New Mexico. While filed in the District of New Mexico, Plaintiffs' case does not involve New Mexico workers, a New Mexico employer, or work performed in New Mexico.  Rather, this is a case with Texas workers, a Texas employer, involving work performed by Plaintiffs almost exclusively in Texas, and which will depend on records maintained in Texas, as well as witnesses primarily located in Texas.

---

[4] *See* Jackson Affidavit, [Doc. 52-1], ¶ 2; Avila Affidavit [Doc. 52-2], ¶ 1; *see also* Affidavit of Eric Snead Affidavit ("Snead Affidavit') [Doc. 43-1], ¶ 6; Affidavit of Jose Olivas ("Olivas Affidavit") [Doc. 44-1], ¶ 6

[5] *See* Snead Affidavit [Doc. 13-1], ¶ 20; Olivas Affidavit [Doc. 44-1], ¶ 12.

Of note, the District of New Mexico – already one of the busiest districts in the country – has recently been inundated with collective action FLSA overtime filings, largely brought, as in this case, by out-of-state counsel.[6]  As Judge Browning recently noted:

> The Court's docket is saturated. *See* Mike Gallagher, *Heavy Caseloads, Judges' Vacancies Put NM Federal Court Underwater*, Albuquerque J. (Sept. 21, 2019, 11:45 p.m.), https://www.abqjournal.com/1369388/heavy-caseloads-judges-vacancies-put-nm-federal-court-underwater.html (last visited Nov. 19, 2019)(describing the "historically bus[y]" District of New Mexico's increasing criminal caseload and decreased number of federal judges as a "dire" situation); Alicia A. Caldwell & Dan Frosch, *Immigration Cases, Judicial Vacancies Tax New Mexico Courts*, The Wall Street J. (Oct. 19, 2019, 10:00 a.m.) https://www.wsj.com/articles/immigration-cases-judicial-vacancies-tax-new-mexico-courts-11571493600 (last visited Nov. 19, 2019(describing the District of New Mexico's docket as "crushing"); *Judicial Emergencies*, United States Courts (last updated Nov. 19, 2019) https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies (last visited

---

[6] A quick search of the Court's docket reveals the following FLSA overtime cases, filed within the last year: *Rodgers v. 3Bear Energy LLC*, 1:21cv376; *Taylor v. Spur Energy Partners, LLC*, 2:21cv334; *Brunet v. GB Premium OCTG Servs. LLC*, 2:21cv299; *Marshall et al. v. Chevron U.S.A., Inc. et al.*, 1:21cv22; *Cooper v. Am. Specialty Pharmacy, Inc.*, 2:21cv264; *Barnett v. Nabors Drilling Tech. USA, Inc. et al.*, 2:21cv195; *Wilson v. Atlas Oil Co.*, 2:21cv142; *Guilbeau v. Schlumberger Tech. Corp.*, 2:21cv122; *Spencer v. Mental Health Resources Inc.*, 1:21cv121; *Munoz de Garza v. Owl Bar and Café Inc.*, 2:21cv107; *Hubbard et al. v. Continental Intermodal Group – Trucking LLC*, 2:21cv86; *Dolan et al. v. Cimarex Energy Co.*, 2:20cv1304; *Waldecker v. Edgewater Technical Associates LLC*, 1:20cv1298; *Walsh v. Wendy's of Colorado Springs Inc.*, 1:20cv1192; *Maldonado v. The Geo Group Inc.*, 2:20cv1184; *Barr v. PetroStar Servs. LLC*, 1:20cv1180; *Oldham v. Nova Mud Inc. et al.*, 2:20cv1166; *Riley v. D. Loves Restaurants LLC, et al.*, 1:20cv1085; *Martinez v. Fed Ex Ground Package System Inc.*, 1:20cv1054; *Sanchez v. S&P Data New Mexico LLC*, 1:20cv979; *Davis v. Steward Energy II LLC*, 1:30cv966; *Martinez v. Chenault Consulting Inc.*, 1:20cv954; *Rodgers v. Silvertip Completion Servs. Operating LLC, et al.*, 1:20cv896; *Bone v. XTO Energy Inc.*, 2:20cv797; *Daigle v. Turnco Enterprises LLC*, 2:20cv652; *Gatson v. Schlumberger Technology Corp.*, 1:20cv621; *Jim v. Corecivic of Tennessee LLC*, 1:20cv618; *Hernandez v. Spartan Companies LLC*, 1:20cv581; *Pogue v. Chisholm Energy Holdings LLC*, 2:20cv580; *Perez v. L4 Construction LLC*, 1:20cv509; *Erwin v. MBF Inspection Services, Inc.*, 2:20cv499; *Brown v. Superior Energy Services, Inc.*, 2:20cv489; *Kerr v. K. Allred Oilfield Services LLC*, 2:20cv477; *Johnson v. Molina Healthcare Inc.*, 1:20cv365; *Hembree v. 3-D Oil Field Services & Rental LLC*, 2:20cv343; *Reyes et al. v. New Mexico Administrative Office of the District Attorneys et al.*, 1:20cv330.

        \*973 Nov. 19, 2019)(identifying the three District of New Mexico vacancies as "judicial emergencies").

*Great Divide Wind Farm 2 LLC v. Aguilar*, 426 F. Supp. 3d 949, 972–73 (D.N.M. 2019). Already dealing with a "saturated" docket, the District of New Mexico – like others across the nation – has had to deal with the added burdens and complications caused by the COVID-19 pandemic.  *See* Administrative Order 20-MC-00004-9 (continuing all civil and criminal jury trials scheduled to commence on or before April 10, 2020); Administrative order 20-MC-00004-15 (limiting entry into the courthouse, and continuing all civil and criminal jury trials scheduled to commence through May 1, 2020); Administrative Order 20-MC-00004-17 (further continuing civil and criminal trials); Supplemental Administrative Order 20-MC-00004-19 (further continuing civil and criminal trials scheduled through July 6, 2020); Supplemental Administrative order 20-MC-00004-27 (further continuing civil and criminal trials scheduled through July 31, 2020); Superseding Administrative Order 20-MC-00004-39 (further continuing civil and criminal trials scheduled through January 4, 2021); Superseding Administrative Order 20-MC-00004-49 (further continuing civil and criminal trials scheduled through January 31, 2021); Superseding Administrative Order 21-MC-00004-04 (further continuing civil and criminal trials scheduled through February 28, 2021). It is reasonable to expect additional such orders and the further delay of trials and other matters until the COVID-19 pandemic is under control, all of which is likely to further strain the District's limited resources.  Given the foregoing, it is simply not in the interest of judicial efficiency for the District of New Mexico to conditionally certify as a collective action a case that is predominantly Texan in nature and that will likely be subject to a Motion to Transfer to Texas under 28 U.S.C. § 1404(a).

        Moreover, "[w]hile district courts are authorized to send notice to potential class members in a collective action brought pursuant to § 216(b), this authority must be exercised

with discretion and *only in appropriate cases*." *Karch v. City of Albuquerque*, No. CIV-05-620, 2006 WL 8444113, at *2 (D.N.M. May 8, 2006) (emphasis added) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886 (11th Cir. 1983)). In *Karch*, the District of New Mexico (Judge Armijo) denied conditional certification precisely because it would "not be an efficient means of resolving the parties' dispute." *Id.*, at *6. As Judge Armijo explained, resolving the FLSA claims "would need to be determined on a job-by-job, or more likely, an employee-by-employee basis" which she noted would be "an extremely individual and fact-intensive inquiry." *Id.*

The same is true here. As illustrated by the parties briefing and the Court's analysis and granting in part Powersat's summary judgment motion, a determination of any entitlement to overtime pay does not depend on resolution of some common fact. Rather, every Field Technician's FLSA overtime claim would require an individualized, manual analysis of that Field Service Technician's job tickets, allowing a manual analysis – for each day worked – of the compensable work time versus non-compensable personal time, followed by a manual calculation of compensable time for corresponding workweeks. *See* Snead Affidavit [Doc. 43-1], ¶¶ 10-19. Here, where Plaintiffs will not rely on common evidence, certification will not create any judicial efficiencies. *See Trinh v. JP Morgan Chase & Co.*, No. 07-1666, 2008 WL 1860161, at *4 (Apr. 22, 2008) (holding it completely appropriate to consider the necessity of individualized inquiries at the conditional certification stage because "[r]ecognizing that Plaintiffs have not shown that they plan to rely on common evidence does not equal a determination on the merits," and thus courts should "examin[e] the legal backdrop and type of evidence required to prove plaintiffs' claims"); *Trinh*, 2008 WL 1860161, at *3-5 (considering "the extent to which the members of the proposed action will rely on common evidence").

The individualized nature of the inquiries needed just to establish that Powersat's Field Service Technicians did not work in excess of forty (40) hours during any workweek will require individualized discovery (both written and depositions) of each plaintiff.  Such issues will completely dominate the litigation.  The litigation will not proceed as a collective action with collective proof, but a series of individual lawsuits cobbled together.  In these instances, collective treatment is inefficient and should be denied.  *E.g.*, *Castle v. Wells Fargo Fin., Inc.*, No. 06-4347, 2008 WL 495705, at *1, 5 (N.D. Cal. Feb. 20, 2008) (denying conditional certification because "[r]esolution of plaintiffs' claims would require individualized determinations, and would necessitate testimony from individual employees and their supervisors"); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("[a collective] action dominated by issues particular to individual plaintiffs can not be administered efficiently").  Conditional certification and issuance of notice will simply not speed resolution of this case.  *Brown v. Barnes and Noble, Inc.*, No. 1:16-cv-07333, 2018 WL 3105068, at *19 (S.D.N.Y. June 25, 2018) ("[T]he solicitation of additional opt-ins will raise more questions and prolong the resolution of this case – not lead to just and economic resolution.").

Just as Judge Armijo did under similar circumstances in *Karch*, this Court should determine that a collective action would not be an efficient means of resolving the parties' dispute and deny conditional certification.

## IV.   PLAINTIFFS' PROPOSED NOTICE IS IMPROPER/INSUFFICIENT IN SEVERAL RESPECTS.

While conditional certification should be denied in its entirety for the reasons stated in Sections I-III, deficiencies with Plaintiffs' proposed Notice [Doc. 52-4] and Order [Doc. 52-5] further highlight that this case is not appropriate for conditional certification.

First, the proposed class definition highlights one of the many problems with Plaintiff's proposal.  That definition (Amended Motion [Doc. 52], p. 2) appears in both the Notice and Order: "All Field Technicians employed by Powersat Communications (USA) LP and/or Powersat Communications (USA) GP LTD, anywhere in the United States, at any time from May 20, 2017 through the final disposition of this matter who received a salary and/or a day-rate and no overtime compensation."  On its face, the proposed class is unworkable because it is not limited to Field Technicians who worked more than forty (40) hours during a workweek without overtime compensation.  If the Court were to conditionally certify the class proposed by Plaintiff, it would be certifying a class that includes members who do not have plausible claims under the FLSA.  This issue appears again in Section 1 of the proposed Notice, where the same class is identified.

Second, even if this faulty class definition is used, Section 1 of the Notice (or any FLSA conditional certification notice) should state upfront that "Powersat denies that it violated the FLSA.  This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit.  The Court has not yet determined whether Plaintiff or Powersat is right."  This District has previously found such language to be warranted.  *Felps v. Mewbourne Oil Co., Inc.*, No. 18-811, 2020 WL 2520136, at *7 (D.N.M. May 18, 2020).

Third, footnote 1 of the proposed Notice [Doc. 52-4, p. 1] suggests that the deadline to file a consent form "will be three years back from the date the Court enters an order approving this Notice."  This makes no sense and directly conflicts with Plaintiffs' proposed Order, which gives Putative Class Members 90 days from Notice being send to return consent forms.  *See* proposed Order [Doc. 52-5 at p. 2].

Fourth, Section 2 of the Notice says that "Plaintiff alleges Powersat misclassified him as exempt from overtime…" While this is certainly the *beginnings* of the type of allegation that would normally be required to support a motion for conditional certification, the issue here is that this is not an allegation in this case.  That is, Plaintiffs do not allege that they were misclassified (or even classified, for that matter) as an exempt employee in their Amended Complaint, Motion, or Affidavits.  Had they done so, the parties could have at least addressed the unsupported assertion.  This, however, appears to be a holdover from some other proposed FLSA Notice that has no application to this case.

Fifth, Section 2 also references that Plaintiffs are seeking overtime pay "[i]n addition to unpaid back wages…."[7]  Again, while the allegations in Plaintiffs' Complaint and Amended Motion for Conditional Certification are admittedly sparse, there is no claim in this case that Plaintiffs are owed unpaid back wages in addition to unpaid overtime.  Their sole claim is that they are owed unpaid overtime.

Sixth, Section 5 of the Notice suggests that If Plaintiffs lose, they "will not have to pay anything either."[8]  This is simply incorrect.  As this District has noted, opt-in plaintiffs are like any other litigation plaintiffs – if they lose, they could be responsible for paying Powersat's court costs and expenses.  Accordingly, as this District has previously ordered, the Notice should indicate: "If Plaintiffs lose, they could be responsible for paying court costs and expenses." *Valencia v. Armada Skilled Home Care of NM, LLC*, 18cv1071, 2020 WL 2768977, at *3 (D.N.M. May 28, 2020) (ordering such language to be included in Notice).

---

[7] This issue also appears in in Section 7 [Doc. 52-4 at p. 4] and in Paragraph 1 of the proposed Consent Form [Doc. 52-4 at p. 6].

[8] Section 7 likewise suggests that "**In no event will any Field Technician who opts-in owe any fees or costs**…" [Doc. 52-4 at 4] (emphasis in original).

Seventh, Section 8 of the Notice includes contact information *only* for Plaintiffs' counsel (*i.e.*, no contact information for Powersat's counsel) and, further, affirmatively prohibits putative class members – including those that choose not to opt in - from contacting Powersat's counsel. There is no basis for designating Plaintiffs' counsel as the sole contact point for putative class members who have not designated Plaintiffs' counsel as a representative.  *See Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 254-55 (M.D. Tenn. 1996) (listing counsel for the employer in the Notice). Moreover, this restriction improperly infringes on Powersat's First Amendment rights and creates a massive burden, as some of the putative class members are now Field Managers and have been working with Powersat's counsel regarding the issues in this case. Indeed, Powersat's summary judgment motion includes an affidavit from a former Field Service Technician.  Powersat must be free to communicate with its unrepresented employees.

Eighth, the Consent Form itself suggests that putative class members can opt in only by designating Plaintiffs' counsel as their attorneys, allowing Plaintiffs' counsel to solely manage the litigation, and even allowing Plaintiffs' attorneys to use the consent in any *future* re-filing of the claim or in any separate lawsuit or arbitration.  *See* Consent [Doc. 52-4 at p. 6, ¶¶ 3-5]. These requirements, of course, are not FLSA requirements and, moreover, are entirely inconsistent with the provision in Section 7 of the Notice that an opt-in plaintiff "may choose to hire your own attorney, or you may agree to be represented by Plaintiff's attorneys."  Despite the Notice correctly giving putative class members the option of representation, the Consent Form purports to eliminate the choice of counsel and surreptitiously grant Plaintiff's counsel vast representative rights over any opt-in plaintiff.  Paragraphs 3-5 of the Consent form are inappropriate and should be eliminated.

While there are numerous bases to properly deny conditional certification, if the Court

were to conditionally certify this matter as a collective action under the FLSA, the Notice, Consent, and Order would need multiple revisions, as discussed above.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Powersat respectfully requests that this Court deny Plaintiffs' Motion for Conditional Class Certification, and grant any other and further relief as this Court deems just and proper.

MODRALL SPERLING ROEHL HARRIS
& SISK, P.A.

By:*/s/ Tomas J. Garcia*
    Alex C. Walker
    Nathan T. Neiman
    Tomas J. Garcia
    *Attorneys for Defendants*
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87102
    Telephone: 505.848.1800
    alex.walker@modrall.com
    nathan.neiman@modrall.com
    tomas.garcia@modrall.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 27th day of April, 2021, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Tomas J. Garcia*
    Tomas J. Garcia

*W3785827.DOCX*

20