IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACKSON and
WESLEY AVILA, Individually and
on Behalf of all Those Similarly Situated,

    Plaintiffs,

v.                                       No. 2:20-cv-486 KRS/GJF

POWERSAT COMMUNICATIONS
(USA) LP and POWERSAT
COMMUNICATIONS (USA) GP LTD.

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR CONDITIONAL CERTIFICATION

THIS MATTER is before the Court on Plaintiffs' Opposed Amended Motion for Conditional Certification and Notice to the Putative Class Members, (Doc. 52), filed April 13, 2021. Defendants filed a response to the Motion for Conditional Certification on April 27, 2021, and Plaintiffs filed a reply on May 11, 2021. (Docs. 55 and 56). Having considered the briefing by the parties, the record of the case, and relevant law, the Court grants Plaintiffs' Motion for Conditional Certification for the reasons set forth below.

    **I.**     **BACKGROUND**

Defendants provide communication services to oil and gas customers throughout the United States. (Doc. 35-1) at 5; (Doc. 52) at 3. To provide these services, Defendants employ 25-30 Field Technicians at any given time. (Doc. 52) at 3; (Docs. 52-1 and 52-2). Plaintiffs allege they and other Field Technicians were non-exempt employees who regularly worked over forty hours per week without overtime compensation, in violation of the Fair Labor Standards

Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"). (Doc. 35-1) at 3-8.[1] Plaintiffs seek to certify their FLSA overtime claims as a collective action under 29 U.S.C. 216(b), and proposed the following collective class:

> All Field Technicians employed by Powersat Communications (USA) LP and/or Powersat Communications (USA) GP LTD, anywhere in the United States, at any time from May 20, 2017 through the final disposition of this matter who received a salary and/or a day-rate and no overtime compensation.

(Doc. 52) at 2.

Plaintiffs state they and the putative class members "are or were employees of Defendants, performed similar (if not identical) job duties, were compensated in the same or similar manner, were subject to the same company-wide policy, and all suffered a common injury as a result of Defendants' company-wide violation of the FLSA." *Id.* Specifically, Plaintiffs assert the putative class members: (1) were paid the same way; (2) held similar positions; (3) had similar job requirements; (4) performed the same or similar routine, technical, physical and manual job duties related to servicing oil and gas operations in the field by providing communications services to customers of Defendants; (5) worked the same or similar hours; (6) regularly worked over forty hours per week; (7) did not receive overtime compensation for all hours worked over forty in each week; (8) were all subject to the same illegal company-wide policy of failing to pay overtime compensation; and (9) suffered a common injury due to Defendants' policy of failing to pay overtime compensation at the rates required by the FLSA. *Id.* at 4; (Docs. 52-1 and 52-2) (Affidavits of Plaintiffs Jackson and

---

[1] The Court has dismissed Plaintiffs' claims under the New Mexico Minimum Wage Act, NMSA 1978 §§ 50-4-19, et seq. (Doc. 51).

Avila). In addition, Plaintiffs allege that Defendants' use of job tickets to determine the number of hours worked by Field Technicians fails to accurately track all hours worked and that this policy and practice led to violations of FLSA's overtime requirements. (Doc. 52) at 9; (Docs. 43-1 and 44-1).

Defendants oppose Plaintiff's Motion for Conditional Certification because they argue Plaintiffs have not identified a common unlawful decision, policy, or plan, and because conditional certification would not serve the purposes of judicial efficiency. (Doc. 55) at 4-16. Defendants also challenge Plaintiffs' proposed Notice to the putative class members for the following reasons: (1) the proposed class definition is not limited to Field Technicians who worked more than forty hours during a workweek without overtime compensation; (2) the Notice should state that Defendants deny they violated the FLSA; (3) language regarding the deadline to file a consent form is confusing; (4) Plaintiffs do not allege they were misclassified as exempt from overtime; (5) Plaintiffs do not claim they are owed unpaid back wages in addition to unpaid overtime; (6) the Notice does not advise potential class members that they could be responsible for paying Defendants' costs and expenses; (7) the Notice does not include contact information for Defendants' counsel and prohibits putative class members from contacting Defendants' counsel; and (8) the Consent Form suggests that putative class members can opt in only by designating Plaintiffs' counsel as their attorneys. *Id.* at 16-20. In their Reply, Plaintiffs contend they have clearly argued that Defendants engaged in an unlawful policy or plan by misclassifying Plaintiffs as exempt employees and failing to pay them overtime wages as required by the FLSA. (Doc. 56) at 2-7. Regarding the Notice, Plaintiffs agree to some of Defendants' objections, but otherwise maintain the Notice is appropriate. *Id.* at 7-9.

## II. LEGAL STANDARD

Under FLSA Section 216(b), employees may maintain a collective action for overtime pay on their own behalf or on behalf of other workers. This section provides that any employer violating the minimum wage or maximum hours section of this statute "shall be liable to the employee or employees affected in the amount of the unpaid minimum wages or their unpaid overtime compensation," and any additional damages. 29 U.S.C. § 216(b). Employees must opt-in to an FLSA collective action by giving consent in writing and filing the consent with the Court. *Id.*

The FLSA further provides that an action on liability "may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* (emphasis added). The term "similarly situated" is not defined in the statute; however, the Tenth Circuit has adopted a two-tier ad hoc methodology to determine on a case-by-case basis whether members of a class are similarly situated. *See Theissen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-05 (10th Cir. 2001). In the first tier, or notice stage, to show that employees are similarly situated courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (citation omitted); *see also Medrano v. Flower Foods, et al.*, 2017 WL 3052493, *3 (D.N.M.) (explaining that while the "similarly situated" standard requires substantial allegations, the standard is "fairly loose initially, until discovery is completed"). The purpose of this first step is for the court to determine whether certification is appropriate for the purpose of sending notices and consent forms to potential plaintiffs. *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citation omitted).

Once the court has conditionally certified a class, the parties engage in discovery. After the close of discovery, the court moves to the second stage using a "stricter standard of 'similarly situated,'" which requires the evaluation of different factors. *Thiessen*, 267 F.3d at 1102-03 (citation omitted). These factors include: (1) the different factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Renfro*, 243 F.R.D. at 432.

### III. ANALYSIS

#### A. Conditional Certification

Plaintiffs seek conditional certification of a proposed class of: "All Field Technicians employed by [Defendants], anywhere in the United States, at any time from May 20, 2017 through the final disposition of this matter who received a salary and/or a day-rate and no overtime compensation." (Doc. 52) at 2. "The standard of certification at the [first] stage is a lenient one that typically results in class certification." *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013) (citation omitted). At this stage, "[t]he court does not weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Id.*

Defendants' first argument in opposition to conditional certification is that Plaintiffs do not allege a policy or practice that violates the FLSA, and their claims that Defendants failed to pay overtime are insufficient to justify conditional certification. (Doc. 55) at 4-8. Specifically, Defendants argue that Plaintiffs failed to allege a practice or policy that applies with equal force to all members of the proposed class and do not identify what type of FLSA claim they are asserting. *Id.* Defendants rely on *Maestas v. Day & Zimmerman, LLC*, Civ. No. 09-19

JCH/LFG, (D.N.M. Nov. 13, 2009) (Doc. 38), in which Judge Herrera denied the plaintiffs' motion for conditional certification after finding they failed to provide sufficient support for their allegation that the putative class members were the victims of the same decision, policy, or plan that violated the FLSA. (Doc. 55) at 7-8.

In their Complaint, Plaintiffs allege they performed manual labor in the oilfields, were paid a salary plus a day rate, regularly worked more than forty hours a week, and were not paid overtime. (Doc. 35-1) at ¶¶ 3, 4, 5, 24, 37. Through sworn affidavits, Plaintiffs further claim "there is a class of non-exempt Field Technicians who have the same job title, perform the same job responsibilities, are subject to the same work schedule, and are paid the same (illegal) way." (Doc. 56) at 2; (Docs. 52-1, 52-2, and 52-3) (Affidavits of Named Plaintiffs Jackson and Avila, and Opt-In Plaintiff Justin Oliver). While Defendants argue Plaintiffs fail to identify a policy that violates the FLSA, Plaintiffs' Complaint asserts that they and all other Field Technicians should have been considered non-exempt under the FLSA and yet Defendants engaged in a pattern or practice of paying them a salary with no overtime compensation. *See* (Doc. 35-1) at ¶ 29 ("Defendants' Field Technicians are non-exempt under the FLSA."), ¶ 31 ("Defendants knowingly willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Putative Class members overtime compensation.").

The Court also finds this case is distinguishable from *Maestas*, where the plaintiffs did not state how they were paid or how that payment violated the FLSA. *See Maestas*, Civ. No. 09-19, (Doc. 38) at 3 ("What the motion and assorted affidavits do not provide, however, is any evidence of an unlawful pay practice or even any reference to the method in which Plaintiffs are paid."). Indeed, Judge Herrera emphasized that the proposed class was made up of workers

holding three different ranks and eight different classifications, six declarants served as supervisors, and the job descriptions were subject to revision at any time. *Id.* at 4 ("Given the different job classifications among the potential Plaintiffs, the fact that their job duties could differ or be changed, and that some of them are supervisors and others are in non-supervisory positions, the Court cannot authorize class notice without some evidence … that they are unlawfully being denied pay to which they are entitled through a common decision, policy, or plan that applies to each member of the putative class."). Here, Plaintiffs allege they and the proposed class have identical job titles, responsibilities, and work schedules, there are no allegations that any potential class members are supervisors, and Plaintiffs have alleged a common policy of classification and pay for all Field Technicians. The Court finds this is sufficient to meet the first-tier requirement for conditional class certification which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Theissen*, 267 F.3d at 1102; *see also Renfro*, 243 F.R.D. at 433-34 (finding allegations that defendants "engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan"). Accordingly, the Court finds Plaintiffs have adequately alleged a pattern or policy of FLSA violations to satisfy the initial stage of conditional class certification.

Next, Defendants assert that Plaintiffs failed to properly support their allegations that Defendants have a policy regarding unpaid overtime that applies to all potential class members. (Doc. 55) at 9-11. They state that Plaintiffs failed to provide the amounts of or basis for the overtime they are claiming, such as time records or paystubs, and that Plaintiffs rely on hearsay assertions about working overtime made to them by other employees. *Id.* This argument is more

appropriate for the merits-based determination made at the second stage. As the Tenth Circuit explains, once a court has conditionally certified a class, the parties engage in discovery and at the close of discovery, often prompted by a motion to decertify by the defendant, the district court will make a "second determination, utilizing a stricter 'similarly situated' standard, examining the disparate factual and employment settings of the individual plaintiffs." *Thiessen*, 267 F.3d at 1102-03 (citation omitted); *Avendano v. Averus, Inc.*, 2015 WL 1529354, at *4 (D. Colo.). At this second stage, the Court analyzes factually specific factors, such as: (1) the different employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen*, 267 F.3d at 1103. At this initial certification stage, however, "[a] plaintiff need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Landry v. Swire Oilfield Svcs., LLC*, 252 F.Supp.3d 1079, 1114 (D.N.M. 2017) (citation omitted). As such, "[r]equiring a plaintiff to present evidence in favor of conditional certification that meets the standards in Rule 56 fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case." *Swartz v. D-J Eng'g. Inc.*, 2013 WL 5348585, at *4 (D. Kan.). Therefore, the Court concludes that the affidavits submitted by Plaintiffs are sufficient to support their allegations at this stage of conditional certification.

Finally, Defendants contend that conditional certification in this case would not serve the purposes of judicial efficiency because Plaintiffs are Texas residents, most of Plaintiffs' jobs for Defendants' customers were in Texas, and Defendants are headquartered in Texas. (Doc. 55) at

12-13.  Defendants further argue that resolution of Plaintiffs' claims will require an individualized analysis of their job tickets and compensable versus non-compensable time.  *Id.* at 15-16.  First, to the extent Defendants are challenging the Court's venue by arguing this case should be heard in Texas, the proper way to do so would be by filing a motion.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  Second, regarding Defendant's argument that resolution of Plaintiffs' claims will require an individualized analysis of the Opt-In Plaintiffs' claims, the Court is not resolving Plaintiffs' claims at this time.  As stated, at this initial notice stage the Court must only determine whether certification is appropriate for the purpose of sending notices and consent forms to potential plaintiffs.  *Renfro*, 243 F.R.D. at 432.  Defendants' reliance on *Karch v. City of Albuquerque*, 2006 WL 8444113 (D.N.M.), for this argument is not persuasive.  In *Karch*, the court denied the plaintiffs' motion for conditional certification because, *inter alia*, a collective action would not be an efficient means of resolving the parties' dispute of whether the employees were properly classified as exempt.  2006 WL 8444113, at *6.  However, the posture of that case was entirely different than this case because the court was considering class certification at the stricter second-stage analysis after discovery had concluded and more than 60 potential plaintiffs had opted in.  As such, the court had before it "more than just minimal evidence," such as depositions, lists of employees, documents relating to job classification audits, and job descriptions.  *Id.* at *3.  The *Karch* decision is therefore not instructive at this notice stage where discovery has not yet commenced.

Based on the foregoing, the Court concludes that Plaintiffs have made sufficient allegations that the putative class members are similarly situated and will grant Plaintiffs' Motion for Conditional Certification.

### B. Proposed Notice

Because opt-in plaintiffs must consent in writing to join a collective action, "counsel representing parties in FLSA actions send prospective class members notices to inform them about the lawsuit." *Aguilar v. Mgm't & Training Corp.*, 2017 WL 4277139, at *6 (D.N.M.); *see also* 29 U.S.C. § 216(b). "Employees must receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Aguilar*, 2017 WL 4277139, at *6 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The district court has "discretion to approve the content of FLSA class notices." *Id.*

Plaintiffs ask the Court to exercise its discretion to approve the Notice attached to the Motion for Conditional Certification as Exhibit D. (Doc. 52-4). Defendants, however, argue that Plaintiffs' proposed Notice is inadequate for several reasons. First, Defendants assert the proposed class definition is overly broad because it is not limited to Field Technicians who worked more than forty hours during a workweek without overtime compensation. (Doc. 55) at 17. Plaintiffs respond that the modification sought by Defendants "would require putative plaintiffs to determine, without the assistance of counsel, whether they are in fact owed overtime compensation before making the determination to opt-in to this matter." (Doc. 56) at 8. Defendants are correct that class members must have plausible claims under the FLSA that they worked more than forty hours during a workweek without overtime compensation, and the Court has already granted summary judgment for Defendants for those weeks the parties agree Plaintiffs did not work more than forty hours. *See* (Doc. 51) at 10. Nevertheless, the parties disagree about how to calculate the Field Technicians' time, which was the subject of

Defendants' Motions for Summary Judgment, (Docs. 43 and 44). *See* (Doc. 51) (Memorandum Opinion and Order finding that genuine issues of material fact exist regarding whether Plaintiffs worked more than forty hours in a workweek). It would therefore be premature to require opt-in plaintiffs to determine whether they have worked more than forty hours a week at this time, especially since that determination will be made at the second stage where the "disparate factual and employment settings of the individual plaintiffs" are scrutinized. *Thiessen*, 267 F.3d at 1102-03 (citation omitted). Additionally, since Plaintiffs allege that all Field Technicians were misclassified as exempt and subject to the same pay plan, the current class definition is not overly broad at this stage. *See* (Doc. 56) at 3. The Court overrules this objection.

Next, Defendants ask the Court to include the following statement in Section 2 of the Notice: "Powersat denies that it violated the FLSA. This Notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. The Court has not yet determined whether Plaintiff or Powersat is right." (Doc. 55) at 17. Plaintiffs respond that Section 2 of the Notice already includes the following statement: "Powersat denies Plaintiffs' allegations. Powersat contends that Plaintiffs have been, and continue to be, properly paid under the FLSA. The Court has not decided who is right but has authorized this notice to inform you of your right to join this lawsuit." (Doc. 52-4) at 3. Plaintiffs oppose adding Defendants' proposed language because the sole purpose of the Notice is not just to discover the identity of putative class members—it also serves to facilitate their joinder in this action. (Doc. 56) at 8. The Court agrees that Defendants' proposed statement is mostly redundant of information already included in the Notice and that the language regarding the "sole purpose" of the Notice is inaccurate. Accordingly, the Court overrules this objection to the Notice.

Defendants' third objection to the Notice is that footnote 1 incorrectly states the deadline to file a consent form "will be three years back from the date the Court enters an order approving this Notice," whereas it should state the deadline is 90 days from the Notice being sent. (Doc. 55) at 17. Plaintiffs agree to correct the footnote to reflect the 90-day notice period. (Doc. 56) at 7, n.6.

Next, Defendants argue that language in Section 2 of the Notice stating that "Plaintiffs allege that Powersat misclassified them as exempt from overtime" is improper because Plaintiffs have not alleged they were misclassified. (Doc. 55) at 18; (Doc. 52-4) at 3. To the contrary, and as explained above, Plaintiffs' Complaint clearly asserts that they should have been considered non-exempt under the FLSA and yet Defendants engaged in a pattern or practice of paying them a salary with no overtime compensation. *See* (Doc. 35-1) at ¶ 29 ("Defendants' Field Technicians are non-exempt under the FLSA."), ¶ 31 ("Defendants knowingly willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Putative Class members overtime compensation."). The Court overrules this objection.

Defendants' fifth objection is to language throughout the Notice and proposed Consent Form that Plaintiffs are seeking unpaid back wages in addition to overtime pay (Doc. 55) at 18; (Doc. 52-4) at 3, 4, 6. Plaintiffs agree to amend the Notice and Consent Form to remove the objected-to phrasing. (Doc. 56) at 7, n.7.

Defendants' sixth objection is that Section 5 of the Notice does not advise potential class members that they could be responsible for paying Defendants' costs and expenses. (Doc. 55) at 18. Plaintiffs respond that it is unnecessary to include that warning in this case because "Plaintiffs' counsel is contractually obligated to bear full financial responsibility for any costs

referenced by Defendants." (Doc. 56) at 9. Relying on Plaintiffs' assurance that no class member will be responsible for paying court costs or expenses, the Court overrules this objection.

Next, Defendants assert that Section 8 of the Notice should include contact information for Defendants' counsel, and Defendants oppose language in the Notice prohibiting putative class members from contacting Defendants' counsel. (Doc. 55) at 19. Plaintiffs disagree that Defendants' counsel's contact information should be included in the Notice. (Doc. 56) at 9. Section 8 of the proposed Notice provides Plaintiffs' counsel's contact information, states that putative class members should contact Plaintiffs' attorneys with any questions about the collective action, and states that putative class members "should **_not_** contact Powersat or the Court to discuss this matter." (Doc. 52-4) at 5 (emphasis in original). The Court finds no reasonable basis for providing Defendants' counsel's contact information and that doing so would be confusing and possibly raise ethical conflicts. *See Williamson v. Ameriflow Energy Svcs. LLC*, 2016 WL 10179250, at *4 (D.N.M.) (finding no reasonable basis for including defense counsel contact information in proposed class notice because the court "should not be in the business of risking, causing, or otherwise promoting ethical conflicts"). Regarding the prohibition on contacting Defendants about the litigation, Defendants argue this restriction creates a massive burden as some of the putative class members have been working with Defendants' counsel regarding issues in this case. (Doc. 55) at 19. Plaintiffs did not respond to this argument. Therefore, the Court will require Plaintiffs to remove the language that putative class members may not contact Defendants about this case.

Finally, Defendants object to paragraphs 3-5 of the Consent Form stating that by opting in, class members designate Plaintiffs' counsel as their attorneys in this lawsuit and authorize them to re-file their claim in a separate lawsuit or arbitration against Defendants. (Doc. 55) at 19. Defendants argue these paragraphs are inconsistent with the provision in Section 7 of the Notice that provides that an opt-in plaintiff "may choose to hire your own attorney, or you may agree to be represented by Plaintiff's attorneys." *Compare* (Doc. 52-4) at 4 *with* (Doc. 52-4) at 6. In response to this objection, Plaintiffs state: "Yes, individuals who opt-in to this action will be represented by the undersigned counsel. Each putative class member, however, may proceed individually with an attorney of their choice." (Doc. 56) at 9. The Court agrees with Defendants that paragraphs 3-5 of the Consent Form are inconsistent with Section 7 of the Notice. To clarify, the Court will require Plaintiffs to amend the first paragraph of Section 7 of the Notice to state: "If you choose to join this suit you may choose to hire your own attorney, or you may agree to be represented by Plaintiffs' attorneys. **If you choose to hire your own attorney, do NOT sign and return the attached Consent Form**."

IV. **CONCLUSION**

For the reasons stated above, the Court grants Plaintiffs' Motion for Conditional Certification, (Doc. 52).

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion for Conditional Certification, (Doc. 52), is granted.

2. The following class (the "Putative Class") is conditionally certified: "All Field Technicians employed by Powersat Communications (USA) LP and/or Powersat Communications (USA) GP LTD, anywhere in the United States, at any time from

May 20, 2017 through the final disposition of this matter who received a salary and/or a day rate and no overtime compensation."

3. Within seven (7) days of the date of this Order, Defendants shall disclose the names, addresses, e-mail addresses, telephone/cell phone numbers, and dates of employment of the Putative Class Members in a usable electronic format such as Excel.

4. Within seven (7) days of the date of this Order, Plaintiffs shall revise the proposed Notice and Consent Form as set forth above and send the revised Notice and Consent Form to Defendants' counsel for their review.

5. Within twenty-one (21) days of the date of this Order, Plaintiffs' counsel shall send the revised Notice and Consent Form by mail, e-mail, and text message to the Putative Class Members.

6. Within forty-five (45) days of the date the Notice was sent to the Putative Class Members, Plaintiffs' counsel may send by mail, e-mail and text message a second, identical copy of the revised Notice and Consent Form to the Putative Class Members reminding them of the deadline for the submission of the Consent Forms.

7. The Putative Class Members shall have ninety (90) days from the date the Notice was sent to return their signed Consent Forms for filing with the Court.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent